# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Eric Flores, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States Attorney General, United States Department of Health and Human Services, Public Health Service named Sierra Medical Center, | ) ) ) ) | Case No. 1:13-cv-0039 |
| | ) | |
| Defendants. | ) | |

Before the court is an application to proceed *in forma pauperis* filed by the plaintiff, Eric Flores, on April 1, 2013. Attached to the application is a one-hundred nineteen page document captioned "Federal Tort Complaint Against Torture." Judge Hovland has referred these filing to the undersigned for preliminary consideration. For the reasons that follow, the undersigned recommends that the application to proceed *in forma pauperis* be denied and that the complaint be summarily dismissed.

**I.  BACKGROUND**

Flores alleges in his complaint that unnamed federal government employees have directed genetic code-altering satellite transmissions from outer space at Mexican-Americans. Notably, he has sought to institute similar actions in several other districts. See Flores v. United States Attorney General, No. 5:13–cv–33, 2013 WL 969057 (D. Vt. March 12, 2013); Flores v. United States Attorney General, No. 2:13–cv–00053–DBH, 2013 WL 1122719 (D. Me. Feb. 26, 2013); Flores v. United States Attorney General, No. 4:12–cv–4144, 2013 WL 310073 (W.D. Ark. 2013); Flores v.

1

McDoug, No. EP–11–CV–260–FM, 2011 WL 2729192 (W.D.Tex. July 12, 2011); Flores v. United States Attorney General, 442 F. App'x 383, 385 (10th Cir.2011); Flores v. United States Attorney General, 434 F. App'x 387, 388 (5th Cir. 2011); Flores, et al. v. United States, 2011 WL 1457142 (Fed. Cl. April 8, 2011). These other actions have been uniformly dismissed as frivolous and at least one district has sanctioned Flores and further barred him from filing any further complaints without first obtaining permission from a district judge to proceed. See Flores v. McDoug, No. EP–11–CV–260–FM, 2011 WL 2729192, at *2.

## II.  DISCUSSION

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may deny an application if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). "Dismissals [under 28 U.S.C. § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S.D. Iowa, 490 U.S. 296, 307–308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Having reviewed Flores' complaint, the undersigned concludes that his claims are clearly fanciful, fantastic, delusional. Consequently, the undersigned recommends that this court should join the long list of other districts which have denied Flores' requests to proceed in *forma pauperis* and dismiss his complaint.

## III. RECOMMENDATION

The undersigned **RECOMMENDS** that the court **DENY** Flore's pro se application to proceed *in forma pauperis* (Docket No. 1) and **DISMISS** his complaint with prejudice.

### NOTICE OF RIGHT TO FILE OBJECTION

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 29th day of April, 2013.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge